# CHARLESTON.

GRACE M. THOMPSON *v.* FRED R. BEASLEY and R. H. GALIGHER *etc.*

(No. 6407)

Submitted February 19, 1929.   Decided February 26, 1929.

*Perry & Perry,* for plaintiffs in error.

*R. P. Asbury* and *Scott, Graham & Wiswell,* for defendants in error.

WOODS, PRESIDENT:

This action is based on an alleged oral contract. A verdict of $5,000.00 was returned in favor of the plaintiff, Grace M. Thompson, and the defendants, Fred R. Beasley and R. H. Galigher, partners as Galigher Motor Sales Company, complain of the action of the circuit court of Cabell county in entering judgment on the verdict.

Sometime prior to the verbal contract sued on, the plaintiff signed a written order whereby she was to pay $5,500.00 for a new Lincoln sedan automobile. By the provisions of this order she was to receive an allowance of $2,500.00 on a used car, and to pay the remainder of the purchase price in cash. Plaintiff, having driven cars of different makes for the past twenty-one years, was unwilling to be bound thereby until she had had an opportunity to test out the new machine. She, therefore, delivered the used car to the dealer, and accepted the new car with the understanding that she would complete the purchase by paying the difference in cash, if the new car on trial should prove satisfactory. Its performance was not up to standard, and the salesman, Mr. Watters, was informed by the plaintiff that she would not keep it. He assured her that she would be treated right. Mr. Galigher later made like assurances and requested that plaintiff make a further

test. On her return from a trip to Kentucky she reported trouble with the transmission. The car was taken to the Galigher Motor Sales Company, and Mr. Asbury, plaintiff's son-in-law, went up with the mechanic. Asbury told Galigher about the action of the car, and the latter, according to Asbury, stated that if he had to take the car back he would have to sell it as a second-hand car and take a loss, but if Mrs. Thompson would go ahead and complete her purchase—make the $3,000.00 payment—and give the car a fair trial, that if it did not prove satisfactory to her, he would give her a new car or refund her money, whichever she might want. This was communicatd by Asbury to Mrs. Thompson, who, relying on said agreement, delivered her check to the Galigher Motor Sales Company for the unpaid purchase price. Further trials caused Mrs. Thompson a great deal of trouble and expense. On one trip the clutch had to be replaced, and on her last trip in it the car had to be shipped back to Huntington by boat. After this latter trouble the Galigher Motor Sales Company was notified that the car was at its disposal, and that plaintiff was relying on Galigher's oral contract. Upon the refusal to comply therewith plaintiff brought this suit for $5,500.00. Galigher denied the verbal agreement attributed to him.

Defendants call the Court's attention to the fact that only Asbury testifies to the oral contract made with Galigher, and that Galigher denies the same. The circumstances speak in favor of the contract. These all tend to show that there were subsequent negotiations between the parties over the admitted defectiveness of the car. The question of whether or not such an agreement had in fact been entered into was submitted to the jury by defendant's instruction No. 1, the only one given in the case. The jury answered in the affirmative. The fact that members of this Court might have found otherwise had they passed on the evidence in the first instance, cannot be relied on here. The jury believed Asbury in preference to Galigher. *Ercole* v. *Daniel,* 105 W. Va. 118; *Simms* v. *Chambers,* 105 W. Va. 171; *Charleston* v. *DeHainaut,* 95 W. Va. 202; *Wilson* v. *Johnson,* 72 W. Va. 742; *Keenan* v. *Donohoe,*

70 W. Va. 600; *McGuire* v. *Railway Company,* 70 W. Va. 538; *Whelan* v. *Railroad Company,* 70 W. Va. 442.

It is contended that plaintiff was not entitled to recover because there was no consideration for the verbal agreement; that plaintiff was bound under the written agreement to pay the $3,000.00, and therefore that nothing passed from her of value to support the verbal agreement. *Thomas* v. *Mott,* 74 W. Va. 493, and *Vance* v. *Ellison,* 76 W. Va. 592, are cited in support of the proposition. Those cases differ materially from the one at bar. The car here admittedly was not acting right, and for that reason the plaintiff did not elect to assume liability under the terms of the written order by making the cash payment. Nothing is found in the record to support the proposition that the plaintiff was legally bound to pay the $3,000.00 to the sales company. Something prompted the execution of the $3,000.00 check. What was it? In view of the jury's finding, plaintiff had indicated her unwillingness to keep the car and had refused to bind herself under the written order; and the defendant to avoid loss from taking the car back and selling it as a used car, and also for the further reason, attributed to him by Asbury, that "I couldn't afford to have a good Lincoln customer dissatisfied and don't propose to", made the proposition heretofore referred to, which was promptly accepted by the plaintiff. In case of controversy between parties where adjustment is made through the means of a new contract, this Court has held that such new contract is not without consideration. *Producers' Coal Co.* v. *Mifflin Coal Mining Co.,* 82 W. Va. 311; *Engineering & Construction Co.* v. *County Court of McDowell County,* 92 W. Va. 368; *Davis* v. *Lilly,* 96 W. Va. 144.

Another point is whether or not it was error to refer to Hugh Watters' failure to testify for the defendants in this case. He was the agent who made the sale to the plaintiff, and was present at several meetings wherein the car was discussed. He was subpoenaed by the defendant and sworn upon the trial. According to the testimony, he received complaints several times and in turn reported same to defendant. While Watters was not present at the time of the making of the alleged oral contract, the evidence does show his presence

at times when certain statements, tending strongly to support the contract, were alleged to have been made, all of which were specifically denied by Galigher as having no foundation in fact. To have been upheld by Watters on these matters would have been of immeasurable value to the defendant. Hence the legal rule is invoked that, where the burden rests upon a party to prove a material fact at issue and he fails to introduce a necessary witness, a presumption is raised that the testimony, if introduced, would have been adverse, in the absence of some valid excuse. *Union Trust Co.* v. *McClellan,* 40 W. Va. 405; *Dewing* v. *Hutton,* 48 W. Va. 576.

Objection was also made in the lower court on motion for a new trial, and likewise here, to the comment of defendants' attorney in his argument before the jury to the effect that the written contract, by virtue of the court's instruction, was "thrown into the waste basket and no part of this evidence to be considered by the jury." The jury were instructed at the instance of the defendants that they "could not consider the original purchase of the automobile * * * in arriving at a verdict." By this action the defendants are precluded on appeal from claiming any benefit, if any, from it. Parties will not be permitted to assume successive inconsistent positions in the course of a suit or series of suits in reference to the same fact or state of facts. *MacDonald* v. *Long,* 100 W. Va. 551; *Bush* v. *Ralphsnyder,* 100 W. Va. 464; *Summit Coal Co.* v. *Raleigh Smokeless Fuel Co.,* 99 W. Va. 11, 18.

After a careful consideration of the entire record, we are of opinion that the judgment of the trial court should stand.

*Affirmed.*