379 S.E.2d 397

**James D. HARPER**

v.

**L.W. BECHTOLD, Commissioner, Department of Motor Vehicles.**

**No. 18438.**

Supreme Court of Appeals of West Virginia.

April 6, 1989.

Charles G. Brown, Atty. Gen., Kourtney A. Ryan, Asst. Atty. Gen., Charleston, for Bechtold.

H.F. Salsbery, Jr., Jennifer N. Taylor, Hunt & Wilson, Charleston, for James D. Harper.

MILLER, Justice:

L.W. Bechtold, Commissioner of the Department of Motor Vehicles, appeals an order of the Circuit Court of Wood County. This order vacated the Commissioner's order, which had administratively revoked James D. Harper's driver's license for a period of six months for driving under the influence of alcohol.

Mr. Harper appealed this revocation to the Circuit Court of Wood County pursuant to W.Va.Code, 17C–5A–2(m),[1] on June 18, 1985. This section permits an appeal under the Administrative Procedures Act, W.Va. Code, 29A–5–4, which states that such appeals can be made "in either the circuit court of Kanawha county, West Virginia, ... or in the circuit court of the county in which the petitioner ... resides or does business[.]" W.Va.Code, 29A–5–4(b).

Almost two years later, Mr. Harper filed a motion to dismiss the appeal based on the three-term rule embodied in W.Va.Code, 62–3–21.[2] The trial court entered an order dismissing the appeal. The defendant argues that under W.Va.Code, 17C–5–2(d), first offense driving under the influence of alcohol is a misdemeanor and is subject to the three-term rule.

The Commissioner, however, points out that the proceeding on which this appeal is based was an administrative revocation of his driver's license under W.Va.Code, 17C–5A–1, and not a criminal offense. We have consistently recognized the distinction between an administrative revocation of a driver's license and the criminal proceeding which involves driving under the influence. In *Shell v. Bechtold,* 175 W.Va. 792, 796, 338 S.E.2d 393, 396 (1985), we discussed the administrative revocation procedure: "The purpose of the administrative sanction of license revocation is the removal of persons who drive under the influence of alcohol and other intoxicants from our highways.... The revocation provisions are not penal in nature[.]"

Earlier in *Jordan v. Roberts,* 161 W.Va. 750, 757–58, 246 S.E.2d 259, 263 (1978), we pointed out that an administrative revocation could be obtained by a preponderance of the evidence, but that for a criminal conviction to occur "proof beyond a reasonable doubt is required."

This distinction between the administrative revocation and the criminal proceeding for driving under the influence is reflected in the manner in which an appeal is taken. A misdemeanor charge for driving under the influence is triable in magistrate court and an appeal therefrom is made under W.Va.Code, 50–5–13,[3] to the circuit court, where a trial de novo occurs. An appeal from an administrative revocation under

---

**1.** The relevant language of W.Va.Code, 17C–5A–2(m), is: "If the Commissioner shall after hearing make and enter an order affirming his earlier order of revocation such person shall be entitled to judicial review as set forth in chapter twenty-nine-a [29A–1–1 et seq.] of this code[.]"

**2.** W.Va.Code, 62–3–21, provides, in relevant part, that:
"[E]very person charged with a misdemeanor before a justice of the peace [magistrate], city police judge, or any other inferior tribunal, and who has therein been found guilty and has appealed his conviction of guilt and sen-

tence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial, unless the failure to try him was for one of the causes hereinabove set forth relating to proceedings on indictment."

**3.** The relevant part of W.Va.Code, 50–5–13, is: "The filing or granting of an appeal shall automatically stay the sentence of the magistrate. Trial in circuit court shall be de novo."

W.Va.Code, 17C–5A–2(m), is made pursuant to the Administrative Procedures Act. An appeal under the Administrative Procedures Act, however, does not bring a trial de novo. Under W.Va.Code, 29A–5–4(f), the hearing is on the record "made before the agency."[4]

Finally, there can be no doubt that W.Va. Code, 62–3–21, covers criminal appeals, and there is absolutely nothing within the statute to intimate that it is applicable to administrative appeals. The plain and unambiguous language of the statute relates only to persons *"charged with a misdemeanor* before a justice of the peace [magistrate], city police judge, or any other inferior tribunal[.]"￼ (Emphasis added). In the proceedings here, Mr. Harper was not charged with a misdemeanor.

Consequently, we conclude that W.Va. Code, 62–3–21, has no applicability to appeals to the circuit court in cases that involve the revocation of a driver's license pursuant to W.Va.Code, 17C–5A–2, simply because the proceeding is an administrative rather than a criminal procedure. An administrative revocation of a driver's license is required to be appealed under the provisions of the Administrative Procedures Act, W.Va.Code, 29A–5–4.

Consequently, we conclude that the Circuit Court of Wood County erred in dismissing the appeal under W.Va.Code, 62–3–21. This case is, therefore, remanded to the circuit court for further proceedings.

Reversed and Remanded.

---

**4.** W.Va.Code, 29A–5–4(f), provides:

"The review shall be conducted by the court without a jury and shall be upon the record made before the agency, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken before the court. The court may hear oral arguments and require written briefs."