438 S.E.2d 347

**Jackson L. SMITH, Plaintiff Below, Appellee,**

v.

**L.W. BECHTOLD, Commissioner of the West Virginia Department of Motor Vehicles, Defendant Below, Appellant.**

**No. 21543.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 28, 1993.

Decided Nov. 23, 1993.

---

Harold S. Yost, Bridgeport, for appellee.

Barry Koerber, Claude S. Smith, III, Asst. Attys. Gen., Charleston, for appellant.

BROTHERTON, Justice:

This is an appeal by the Commissioner of the West Virginia Department of Motor Vehicles from an order of the Circuit Court of Harrison County entered on May 28, 1992. That order reversed a decision by the Commissioner revoking Jackson L. Smith's license to drive a motor vehicle for a period of one year. On appeal, the Commissioner claims that the lower court erred in reversing the revocation of Mr. Smith's license without finding prejudice to his rights pursuant to W.Va.Code § 29A–5–4. The Commissioner also claims that the lower court exceeded its statutory authority by granting Mr. Smith repeated stays of the revocation for periods exceeding thirty days. After reviewing the questions presented, this Court agrees with the Commissioner's claim that the circuit court erred in reversing the revo-

cation of Mr. Smith's license. Accordingly, the decision of the Circuit Court of Harrison County is reversed, and the revocation of Mr. Smith's license is reinstated.

On February 13, 1986, Jackson L. Smith was arrested in Harrison County for driving a motor vehicle under the influence of alcohol in violation of W.Va.Code § 17C–5–2(d). Mr. Smith refused to submit to a secondary chemical test as prescribed by W.Va.Code § 17C–5–4.[1] As a result of his refusal, the arresting officer, pursuant to the provisions of W.Va.Code § 17C–5–7, initiated administrative revocation proceedings against Mr. Smith by filing a written statement and report with the Commissioner of the Department of Motor Vehicles.

The Commissioner reviewed the arresting officer's report and determined that, under the law, circumstances existed for the revocation of Mr. Smith's license. As a result, on February 26, 1986, the Commissioner issued an initial order notifying Mr. Smith that his license had been revoked because he had refused to submit to a designated secondary chemical test after being arrested for driving under the influence of alcohol.

Mr. Smith requested an administrative hearing to contest the Commissioner's revocation of his license, and a hearing was conducted before a hearing examiner on April 2, 1986. Following the hearing, the Commis-

sioner, on October 10, 1986, entered a final order affirming the one-year revocation of Mr. Smith's license.

Pursuant to W.Va.Code § 29A–5–4, Mr. Smith appealed the Commissioner's final order to the Circuit Court of Harrison County. Subsequent to the filing of the appeal, the circuit court entered a long sequence of orders staying the suspension of Mr. Smith's license.[2]

Other than granting stays of the revocation of Mr. Smith's license, no action was taken by the court on Mr. Smith's appeal until some five and one-half years after the issuance of the Department's final decision, when the circuit court entered an order reversing the Department's revocation of Mr. Smith's license.

In reversing the revocation of Mr. Smith's license, the circuit court stated that justification for such reversal was:

(1) The Petitioner was arrested on February 13, 1986.

(2) The Commissioner entered an Order revoking the Petitioner's license on February 26, 1986, which the Petitioner protested.

(3) The Petitioner's administrative hearing was scheduled on March 20, 1986, which

---

**1.** West Virginia Code § 17C–5–4 provides that any person who drives a motor vehicle in West Virginia impliedly consents to take a preliminary breath analysis and a secondary chemical test to determine the alcohol content of his blood.

West Virginia Code § 17C–5–7 delimits the sanctions for refusing to submit to the tests. It provides, in relevant part:

(a) If any person under arrest as specified in section four [§ 17C–5–4] of this article refuses to submit to any secondary chemical test, the tests shall not be given: Provided, That prior to such refusal, the person is given a written statement advising him that his refusal to submit to the secondary test finally designated will result in the revocation of his license to operate a motor vehicle in this state for a period of at least one year and up to life....

**2.** Specifically, the court, pursuant to a motion by Mr. Smith's attorney, stayed the suspension from October 21, 1986, to November 20, 1986; then, on December 22, 1986, again on motion of Mr. Smith's attorney, the court stayed the suspension

from December 22, 1986, to January 21, 1987; on April 6, 1987, on motion of Mr. Smith and over the Department's objection, the court suspended the suspension from April 6, 1987, to May 6, 1987; on May 8, 1987, over objection of the Department of Motor Vehicles, the court stayed the suspension from May 8, 1987, to June 7, 1987; on October 14, 1987, on Mr. Smith's motion and over the Department's objection, the lower court granted a stay until November 13, 1987; on November 23, 1987, again on Mr. Smith's motion and over the Department's objection, a stay was granted until December 23, 1987; on December 28, 1987, a stay was granted until January 27, 1988; on January 22, 1988, following the previous pattern, a stay was granted until February 21, 1988; on March 4, 1988, on Mr. Smith's motion, a stay was granted until April 3, 1988; on March 31, 1988, a stay was granted until April 30, 1988; on May 9, 1988, over the Department's objection, a stay was granted until June 8, 1988; finally, on May 9, 1988, on motion of Mr. Smith's counsel and over the Department's objection, a final continuance was granted.

the Commissioner continued on his own motion.

(4) The Petitioner's administrative hearing was not rescheduled until April 2, 1986, which was continued several times by both parties. The hearing was held on June 18, 1986.

(5) The decision of the Commissioner was not made until October 10, 1986.

(6) Due process of law extends to the action of administrative agencies and requires a timely resolution of contested issues.

(7) The case was decided on October 10, 1986, and the judicial review has been pending since the appeal filed in this case on or about October 21, 1986.

(8) The delay in this case is a denial of due process.

On appeal, the Department of Motor Vehicles claims that the circuit court erred and exceeded its statutory authority by reversing the Department's revocation decision on the ground that Mr. Smith's substantial rights had been prejudiced.

In *Harper v. Bechtold,* 180 W.Va. 674, 379 S.E.2d 397 (1989), this Court stated that the revocation of a driver's license under W.Va. Code § 17C–5A–2 is an administrative proceeding subject to the appeal provisions of the Administrative Procedures Act, W.Va. Code § 29A–5–4, and is not subject to the three-term rule contained in W.Va.Code § 62–3–21, which governs time periods in criminal proceedings.

■ The Department of Motor Vehicles points out that the Administrative Procedures Act, W.Va.Code § 29A–5–4(g), allows a circuit court to reverse a decision of the Department if a party's rights:

[H]ave been prejudiced because the administrative findings, inferences, conclusions, decision or order are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedures; or

(4) Affected by other error of law; or

(5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

In syllabus point 2 of *Shepherdstown Volunteer Fire Department v. West Virginia Human Rights Commission,* 172 W.Va. 627, 309 S.E.2d 342 (1983), this Court rather clearly indicated that these principles were to be applied during judicial review of contested cases under the West Virginia Administrative Procedures Act:

Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law, or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

In *Johnson v. State Department of Motor Vehicles,* 173 W.Va. 565, 318 S.E.2d 616 (1984), a case involving delay in the revocation of a driver's license, this Court specifically held that the *Shepherdstown Volunteer Fire Department* test applied in appeals of revocation of drivers' licenses.

The *Johnson* case involved an appeal by the Commissioner of the Department of Motor Vehicles form an order of the Circuit Court of Kanawha County which reinstated a driver's license after the Commissioner had revoked it. The circuit court had reasoned that a delay of approximately four months between an original hearing date and the

date the hearing was actually held vitiated the revocation. The delay was occasioned by continuances issued at the request of the Department of Motor Vehicles.

This Court reversed the decision in the *Johnson* case for two reasons. First, the Court noted that the failure on the part of a driver to object to a continuance ordinarily constituted a waiver of any error associated with the delay. The Court also noted that a driver could institute a proceeding in mandamus to compel a ruling if there was undue delay. The Court found that the driver, Johnson, neither objected nor took any other action to hasten the proceeding. Under the circumstances, the Court, in effect, found that Johnson had waived any error in the delay.

Secondly, the Court noted that "absent a showing of prejudice to the substantial rights of the petitioner for review, a circuit court has no authority under W.Va.Code § 29A–5–4(g) to reverse an agency decision in a contested case." *Johnson v. State Department of Motor Vehicles, Id.* at 570, 318 S.E.2d at 620. The Court found that throughout the proceedings in the case, Johnson had retained his driver's license. The Court reasoned that because he had retained his license, instead of causing some prejudice to his substantial rights, the delay had actually operated to Johnson's advantage.

■ In the present case, there is some suggestion that the delay in the prosecution of Mr. Smith's appeal was invited by Mr. Smith or his attorney. Through his attorney and over the objection of the Department of Motor Vehicles, he moved for, and obtained, stays of the revocation of his license. There is nothing to indicate that he, at any point, objected to the delays, and there is no indication that he, at any point, instituted a mandamus proceeding or took any other action to hasten the progress of the appeal. In these regards, the case is quite similar to the *Johnson* case.

■ In conjunction with this, the Court notes that it has long recognized that it is not appropriate for an appellate body to grant relief to a party who invites error in a lower tribunal. *In Interest of S.C.,* 168 W.Va. 366,

284 S.E.2d 867 (1981); *Jennings v. Smith,* 165 W.Va. 791, 272 S.E.2d 229 (1980); *Central Trust Co. v. Cook,* 111 W.Va. 637, 163 S.E. 60 (1932); *Thompson v. Beasley,* 107 W.Va. 75, 146 S.E. 885 (1929).

It also appears that, as recited above, Mr. Smith received repeated stays of the suspension. As in *Johnson v. State Department of Motor Vehicles, supra,* Mr. Smith retained his driver's license during the delays, so rather than the delay causing prejudice to some substantial right, the delay actually operated to Mr. Smith's advantage.

Because of the circumstances, this Court, in line with the rationale in *Johnson v. State Department of Motor Vehicles, supra,* concludes that the Circuit Court of Harrison County erred in reversing the decision of the Commissioner of the Department of Motor Vehicles.

The Department of Motor Vehicles also claims that the circuit court erred and exceeded its statutory authority by granting the stays of execution of its final order for periods exceeding thirty days.

The Department notes that the circuit court's authority for granting stays of execution to its orders is found in W.Va.Code § 17C–5A–2(m). That statutory section provides, in relevant part:

"[P]ending ... appeal, the [circuit] court may grant a stay or supersedeas of such order only upon motion and hearing, and a finding by the court upon evidence presented, that there is a substantial probability that the appellant shall prevail upon the merits, and the appellant will suffer irreparable harm if such order is not stayed: Provided, That in no event shall the stay or supersedeas of such order exceed thirty days."

Under the clear language of this statute, a circuit court's authority to grant a stay is limited to granting a stay for no more than thirty days, and only after notice and hearing to the parties.

■ In this Court's view, this statute does not preclude a circuit court from issuing consecutive stays, but, as the statute indicates, before any stay may be granted in a appeal from a decision of the Commissioner of the

Department of Motor Vehicles revoking a driver's license, the circuit court must conduct a hearing where evidence is adduced, and "upon the evidence presented", must make a finding that there is a substantial probability that the appellant will prevail upon the merits and that he will suffer irreparable harm if a stay is not granted.

It is not altogether clear that the circuit court conducted hearing before granting the long series of stays involved in the present case. The orders granting the stays recite that motions were made and argued, but the mention of hearings is omitted. Since the court's decision must be reversed for the reasons previously discussed, this Court does not believe it is necessary to delve further into the facts of the present case relating to the circumstances surrounding the granting of the stays. The Court believes, however, that if the circuit judge granted the stays without conducting evidentiary hearings and without meaningfully analyzing the evidence adduced during the hearings, he exceeded the legitimate powers granted to him under the statute. On the record developed, this Court can see no good reason for the long sequence of stays granted in this case.

For the reasons stated, this Court has concluded that the judgment of the Circuit Court of Harrison County should be reversed and the revocation of Jackson L. Smith's license to operate a motor vehicle in West Virginia should be reinstated.

Reversed and suspension reinstated.