726 S.E.2d 34

Joe E. MILLER, Commissioner of the
Department of Motor Vehicles,
Respondent Below, Petitioner

v.

John MOREDOCK, Petitioner
Below, Respondent.

No. 11–0081.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 27, 2011.

Decided Nov. 17, 2011.

Janet James, Office of the Attorney General, Charleston, WV, for Petitioner.

Carter Zerbe, David Pence, Charleston, WV, for Respondent.

McHUGH, J.:

The West Virginia Division of Motor Vehicles ("DMV"), through its Commissioner, Joe E. Miller, appeals a final order entered August 9, 2010, in the Circuit Court of Kanawha County, in which the circuit court reversed the Commissioner's order revoking the driver's license of Appellee John Moredock for a period of six months. The Commissioner argues that the circuit court committed error in concluding that Appellee's due process rights were violated by the Commissioner's delay in issuing the revocation order following the administrative hearing.

Upon careful consideration of the arguments of the parties and the applicable legal authority, and the for the reasons discussed below, we reverse the order of the circuit court.

I.  Factual and Procedural Background

The relevant facts of this case are not in dispute. On September 29, 2007, Appellee was arrested for driving under the influence of alcohol ("DUI") after the vehicle he was driving collided head-on with another vehicle on Cantley Drive in Kanawha County, West Virginia. On October 10, 2007, the Division of Motor Vehicles ("DMV")issued an Order of Revocation, revoking for two years Appellee's privilege to operate a motor vehicle in West Virginia. The effective date of the order was November 14, 2007. Appellee timely filed a request for an administrative hearing.

A hearing was scheduled for February 20, 2008; however, the hearing date was continued at the request of the hearing examiner and without objection by Appellee. The hearing was conducted on the rescheduled date of May 6, 2008.

By Final Order dated October 13, 2009, the Commissioner adopted the findings and conclusions of the hearing examiner and ordered that Appellee's privilege to drive a motor vehicle be revoked for a period of six months,[1] effective November 20, 2009.[2] The hearing examiner found that the arresting officer detected the odor of alcoholic beverage on Appellee's breath and person; observed glassy eyes; noted his speech to be slurred; and observed him to be walking and standing unsteadily. Appellee admitted to the arresting officer that he had consumed alcoholic beverages. The hearing examiner also found that Appellee began the walk-and-turn test before the officer finished the instructions, "did not touch in a heel-to-toe manner, used his arms for balance, and lost his balance while turning, almost falling." The evidence concluded further that, "[w]hile performing the one-leg stand test, [Appellee] swayed while balancing and hopped . . . . also . . . [Appellee] started before he had completed his instructions, almost fell, and miscounted during his test." (FOF 10) Appellee's blood alcohol concentration level was .172. Appellee offered no evidence to rebut the evidence submitted to the hearing examiner.

Thereafter, Appellee filed a motion to stay the revocation order in the Circuit Court of Kanawha County, arguing that the seventeen-month delay between the administrative hearing and entry of the final order revoking his driver's license violated his procedural

---

1.  Because the hearing examiner found that there was no evidence that Appellee, while driving a motor vehicle while under the influence of alcohol, caused the bodily injury of another person, it was recommended that "the Order of Revocation be amended to the appropriate revocation of the [Appellee's] driving privileges." Accordingly, in its Final Order, the Commissioner directed that Appellee's driver's license be revoked for a period of six months instead of two years.

2.  It was also ordered, *inter alia,* that Appellee's driver's license not be reissued until he has successfully completed the Safety and Treatment Program and until certain enumerated costs and fees have been paid. *See* W.Va.Code §§ 17C–5A–3(g)(1)(A) (2010) (2009 Repl.Vol.) and 17B–3–9 (2005).

due process rights.[3] Appellee argued that there was more than a substantial probability he would prevail on the merits of the appeal and further, that he would suffer irreparable harm if a stay was not granted. *See* W.Va. Code § 17C–5A–2(s) (2010). By order entered November 18, 2009, the circuit court granted Appellee's motion, ordering a stay of the revocation of Appellee's driver's license for one hundred and fifty days. A subsequent Order Granting Stay was entered on April 8, 2010, staying the order of revocation for an additional one hundred and fifty days pending the outcome of Appellee's appeal.

Appellee appealed the revocation order to the circuit court. In a Final Order entered August 9, 2010, the circuit court recognized that a driver's license is a property interest and as such, is entitled to due process protection. The circuit court indicated that one element of due process, among other things, is the timely resolution of appeals and that, accordingly, "delays that prejudice a litigant violate due process." Citing *State ex rel. Leonard v. Hey,* 269 S.E.2d 394 (W.Va. 1980),[4] the circuit further indicated that "delays can be presumptively prejudicial[,]" although " 'the presumption is rebuttable by the government.' "[5] *Hey,* at syl. pt. 1, 269 S.E.2d at 394. The circuit court determined, *inter alia,* that the "length of the delay in this case is extraordinary, over 17 months between the hearing and final order and over two years between the request for hearing and final order. . . . Not resolving Mr. Moredock's case in a timely manner is exacerbated by the DMV's failure to provide a reasonable justification for the delay." The circuit court concluded that the "excessive delay"

violated Appellee's due process rights and, thus, reversed the revocation order. It is from this order that the Commissioner now appeals.

## II. Standard of Review

■ At issue in this appeal is whether the circuit court committed error in reversing the revocation order entered by the Commissioner. Judicial review of an order of the Commissioner is conducted pursuant to the contest cases provision of West Virginia's Administrative Procedures Act, W.Va.Code § 29A–5–4(g) (1998). As we held in syllabus point three of *State ex rel. Miller v. Reed,* 203 W.Va. 673, 676, 510 S.E.2d 507, 510 (1998),

" 'Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: (1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.' Syllabus Point 2, *Shepherdstown Volunteer Fire Dept. v. West Virginia Human Rights Comm'n,* 172 W.Va. 627, 309

---

**3.** Appellee also raised an additional argument in support of the motion to stay. He argued that the arresting officer failed to establish that he was trained and experienced in administering the "walk and turn" and "one-leg stand" tests and failed to establish that, in fact, he administered and scored them properly in Appellee's case. It was Appellee's contention that, consequently, the results thereof were erroneously admitted into evidence at the administrative hearing. Appellee does not raise this argument in the present appeal.

**4.** As discussed in more detail below (although not addressed by the circuit court), *Hey* was

overruled by this Court's decision in *State ex rel. Knotts v. Facemire,* 223 W.Va. 594, 678 S.E.2d 847 (2009).

**5.** The circuit court indicated that "[f]actors to consider when determining whether an administrative delay violates due process include the 'length of the delay, the reason for the delay, the harm caused by the delay, and what other alternatives to relief were available. . . . Clearly the most important of the factors is the reason for the delay.' " (*quoting Hutchison v. City of Huntington,* 198 W.Va. 139, 156, 479 S.E.2d 649, 666 (1996)).

S.E.2d 342 (1983)." Syl. Pt. 1, *Johnson v. State Dep't of Motor Vehicles*, 173 W.Va. 565, 318 S.E.2d 616 (1984).

■ In this case, the Commissioner argues that the circuit court's conclusion that Appellee was presumptively prejudiced by the Commissioner's delay in issuing the revocation order was a misapplication of the law. " ' " 'In reviewing the judgment of the lower court this Court does not accord special weight to the lower court's conclusions of law, and will reverse the judgment below when it is based on an incorrect conclusion of law.' Syllabus Point 1, *Burks v. McNeel*, 164 W.Va. 654, 264 S.E.2d 651 (1980)." Syllabus, *Bolton v. Bechtold*, 178 W.Va. 556, 363 S.E.2d 241 (1987).' Syl. Pt. 2, *State ex rel. Dep't of Motor Vehicles v. Sanders*, 184 W.Va. 55, 399 S.E.2d 455 (1990)." *Reed*, at syl. pt. 4, 203 W.Va. at 676, 510 S.E.2d at 510.

■ Finally, this Court has previously held that "[i]n cases where the circuit court has amended the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo*." Syl. Pt. 2, *Muscatell v. Cline*, 196 W.Va. 588, 590, 474 S.E.2d 518, 520 (1996).

We shall consider the present appeal with these standards of review in mind.

### III. Discussion

■ It is undisputed that the law governing revocation proceedings before the DMV impose no time limitations on the issuance of decisions by the Commissioner following an administrative hearing. *See* W.Va. Code §§ 17C-5A-1 *et seq.* and 29A-5-1 *et seq.* However, this Court has long recognized the constitutional mandate that " 'justice shall be administered without ... delay.' W.Va. Const. Art. III, § 17." *Frantz v. Palmer*, 211 W.Va. 188, 192, 564 S.E.2d 398, 402 (2001). *See Petry v. Stump*, 219 W.Va. 197, 200, 632 S.E.2d 353, 356 (2006); and *Allen v. State, Human Rts. Comm'n*, 174 W.Va. 139, 157, 324 S.E.2d 99, 118 (1984). We have further declared that "[j]ust as circuit court judges 'have an affirmative duty to render timely decisions on matters properly submit-

ted within a reasonable time following their submission,' Syl. Pt. 1, in part, *State ex rel. Patterson v. Aldredge*, 173 W.Va. 446, 317 S.E.2d 805 (1984), the obligation to act in a timely fashion is similarly imposed upon administrative bodies[.]" *Frantz*, 211 W.Va. at 192, 564 S.E.2d at 402. Indeed, as we held in syllabus point 2 of *Frantz*, " '[A]dministrative agencies performing quasi-judicial functions have an affirmative duty to dispose promptly of matters properly submitted.' Syl. Pt. 7, in part, *Allen v. State, Human Rights Comm'n*, 174 W.Va. 139, 324 S.E.2d 99 (1984)."

In the present case, the Commissioner's order revoking Appellee's driver's license for six months was issued seventeen months after the administrative hearing. The circuit court found the delay to be both "excessive" and "extraordinary" and, finding that "delays can be presumptively prejudicial," concluded that Appellee's due process rights were violated by the delay. In contrast, the Commissioner argues that the circuit court failed to find that Appellee suffered any *actual* prejudice as a result of the delay and that, absent such a finding, the revocation order should have been affirmed.

In support of his contention that the revocation order should have been affirmed because Appellee was unable to show that he suffered actual prejudice from the delay, the Commissioner relies on this Court's decision in *State ex rel. Knotts v. Facemire*, 223 W.Va. 594, 678 S.E.2d 847 (2009), in which we set forth such a requirement in the context of preindictment delay. At issue in *Facemire* was whether a preindictment delay of thirteen years was presumptively prejudicial to the defendant such that he would be denied the right to successfully defend the charges against him. This Court had held previously in *State ex rel. Leonard v. Hey*, that an eleven year delay between the crime and arrest or indictment was presumptively prejudicial to the defendant and violated his due process rights, where the defendant's identification and location were known to the State all along. *Facemire*, 223 W.Va. at 598, 678 S.E.2d at 851.

Our ultimate conclusion in *Facemire* turned on a reconsideration of *Hey* to the extent it permitted the use of presumptive

prejudice to establish a due process violation based on preindictment delay. Rather, in *Facemire*, we held that a defendant's claim that his due process rights were violated by preindictment delay requires a defendant to show that he suffered actual prejudice from the delay and, if proven, further requires the trial court to balance "the resulting prejudice against the reasonableness of the delay." *Id.*, at syl. pt. 3, in part, 223 W.Va. at 595, 678 S.E.2d at 848.[6]

We also made clear in *Facemire* that the defendant must prove more than speculative prejudice; rather, he "must introduce evidence of 'actual substantial prejudice' to establish that his case has been prejudiced by preindictment delay." *Id.*, 223 W.Va. at 603, 678 S.E.2d at 856. More specifically, we held that to demonstrate that preindictment delay violates due process, "a defendant must introduce substantial evidence of actual prejudice which proves he was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was or will likely be affected." *Id.*, at syl. pt. 4, in part, 223 W.Va. at 596, 678 S.E.2d at 849.

In the case *sub judice*, we agree with the circuit court that our case law regarding preindictment delay is instructive with regard to cases involving delays in decisions issued by the Commissioner following an administrative proceeding. However, the circuit court committed error in relying on *State ex rel. Leonard v. Hey* and in concluding that Appellee was presumptively prejudiced by the Commissioner's delay in issuing the revocation order. As discussed above, this Court's subsequent decision in *Facemire* **precludes** the use of presumptive prejudice to establish a due process violation based on delay, expressly overruling *Hey* and its progeny.

To the contrary, pursuant to *Facemire*, a party must prove actual prejudice from the delay; indeed, the actual or substantial prejudice requirement is widely recognized. For example, in *McFee v. Iowa Dep't. of Transp.*, 400 N.W.2d 578 (Iowa 1987), the Supreme Court of Iowa considered the effect of the two and one-half year period between the time of arrest and completion of administrative proceedings resulting in the revocation of the petitioner's driver's license. The court in *McFee* concluded that while "administrative delay is unfortunate and is not to be condoned[,]" 400 N.W.2d at 581, "when a licensee asserts unreasonable delay as a basis for reversal[,] the licensee bears the burden to show not only that the delay was unreasonable but that the delay actually prejudiced his or her substantial rights. Prejudice will not be presumed." *Id.* (internal citations omitted). *See In re Garber*, 141 N.J.Super. 87, 357 A.2d 297, 299, *certif. denied*, 71 N.J. 494, 366 A.2d 650 (1976) (Twelve-month delay between hearing officer's findings and recommendations following driver's license suspension hearing and final decision adopting and affirming same was

6. More specifically, in syllabus point two of *Facemire*, we held:

To maintain a claim that preindictment delay violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution and Article III, Section 10 of the West Virginia Constitution, the defendant must show actual prejudice. To the extent our prior decisions in *State ex rel. Leonard v. Hey*, 269 S.E.2d 394 (W.Va. 1980), *Hundley v. Ashworth*, 181 W.Va. 379, 382 S.E.2d 573 (1989), and their progeny are inconsistent with this holding, they are expressly overruled.

In syllabus point three of *Facemire*, we eliminated the defendant's burden of showing that the preindictment delay was a deliberate device used by the State to gain an advantage. Instead, we required the trial court to balance the actual prejudice from the delay, if proven by the defendant, against the reasonableness of the delay as explained by the State:

In determining whether preindictment delay violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution and Article II, Section 10 of the West Virginia Constitution, the initial burden is on the defendant to show that actual prejudice has resulted from the delay. Once that showing has been made, the trial court must then balance the resulting prejudice against the reasonableness of the delay. In balancing these competing interests, the core inquiry is whether the government's decision to prosecute after substantial delay violates fundamental notions of justice or the community's sense of fair play. To the extent our prior decision in *Hundley v. Ashworth*, 181 W.Va. 379, 382 S.E.2d 573 (1989), and its progeny are inconsistent with this ruling, they are expressly overruled.

**72**

upheld where driver made no showing of prejudice.); *Board of Educ. v. Donaldson,* 41 A.D.3d 1138, 839 N.Y.S.2d 558, 561 (2007) ("Although petitioner claims that the [ten-year] delay caused it substantial prejudice, the mere passage of time in rendering an administrative determination will not, standing alone, justify its annulment. Instead, a party must demonstrate actual and substantial prejudice as a result of the delay."); *Adams Outdoor Adver., Ltd. v. Department of Transp.,* 860 A.2d 600 (Pa.Cmwlth.2004), *appeal denied by,* 585 Pa. 690, 887 A.2d 1242 (2005) (To establish due process violation, advertising sign owner whose permit was revoked in decision issued seven years after hearing must prove some harm or prejudice to its interests caused by the delay); and *Nelson v. Sheridan Manor,* 939 P.2d 252, 258 (Wyo.1997) (Workers compensation claimant seeking benefits failed to "establish substantial prejudice caused by the [nine-month] delay between the time of the hearing and the time the decision was issued."). *See also Hickey v. North Dakota Dep't. of Health,* 536 N.W.2d 370, 372 (N.D.1995) ("Generally, to warrant dismissal of administrative proceedings for delay, a party must show not only unreasonable or unconscionable delay by the government in initiating, conducting, or concluding the proceedings, but also that the party's ability to defend against the allegations was substantially prejudiced by the delay.").

■ We hold, therefore, that on appeal to the circuit court from an order revoking a party's license to operate a motor vehicle in this State, when the party asserts that his constitutional right to due process has been violated by a delay in the issuance of the revocation order by the Commissioner of the Division of Motor Vehicles, he must demonstrate that he has suffered actual and substantial prejudice as a result of the delay. Once actual and substantial prejudice from the delay has been proven, the circuit court must then balance the resulting prejudice against the reasons for the delay.[7]

7. It is the Commissioner's contention that because Appellee did not attempt to hasten the Commissioner's ruling by filing a petition for writ of mandamus, he waived the argument that the Commissioner's delay in issuing the revocation order violated his due process rights. The Commissioner relies, in part, on *Johnson v. State Dept. of Motor Vehicles,* 173 W.Va. 565, 318 S.E.2d 616 (1984), a driver's license revocation case which involved a four-month lapse between the original hearing date and the date the hearing was actually conducted. In that case, this Court reiterated that " '[t]he mere delay in the disposition or decision of a case does not vitiate the order or judgment. If a decision is unduly delayed, a proceeding in mandamus may be instituted to compel a decision but not how to decide.' Syllabus Point 2, *Kanawha Valley Transportation Co. v. Public Service Comm'n,* 159 W.Va. 88, 219 S.E.2d 332 (1975)." *Id.,* at syl. pt. 2, 173 W.Va. at 568, 318 S.E.2d at 618. In *Johnson,* we reversed the circuit court's order reinstating the motorist's driver's license and, in doing so, noted that the appellee failed to object to the continuances ordered by the Commissioner and further, did not "attempt[ ] to hasten the proceedings through mandamus or otherwise." 173 W.Va. at 570, 318 S.E.2d at 620. The Commissioner also relies on *Smith v. Bechtold,* 190 W.Va. 315, 438 S.E.2d 347 (1993). In *Smith,* the Court interpreted *Johnson* as follows: "[T]he Court [in *Johnson*] noted that the failure on the part of a driver to object to a continuance ordinarily constituted a waiver of any error associated with the delay. The Court also noted that the driver could institute a proceeding in mandamus to compel a ruling if there was undue delay. The Court found that the driver, Johnson, neither objected nor took any other action to hasten the proceeding. Under the circumstances, the Court, in effect, found that Johnson had waived any error in the delay." *Smith,* 190 W.Va. at 319, 438 S.E.2d at 351.

Upon reconsideration of our decision in *Smith,* it appears that we too strictly interpreted that which we discussed in *Johnson.* In both *Johnson* and *Smith,* although we indicated that the drivers therein neither objected to the continuances ordered nor attempted to hasten the proceedings through mandamus, we did not, in fact, apply waiver. To the contrary, in both cases, we went on to address the effect of the delay on the respective drivers' due process rights. More specifically, in *Johnson,* we stated that "absent a showing of prejudice to the substantial rights of the petitioner for review, a circuit court has no authority under W.Va.Code § 29A–5–4(g) to reverse an agency decision in a contested case. There has been no such showing in this case. The delay, in and of itself, was not of sufficient duration to constitute a denial of due process." 173 W.Va. at 570, 318 S.E.2d at 620. Likewise, in *Smith,* we addressed the effect of the delay and found that the driver "retained his driver's license during the delay, so rather than the delay causing prejudice to some substantial right, the delay actually operated to" the driver's advantage. 190 W.Va. at 319, 438 S.E.2d at 351.

In the present case, although Appellee could have sought to hasten the Commissioner's decision by filing a petition for writ of mandamus in

In the present case, the administrative hearing was originally scheduled for February 20, 2008. The hearing date was continued at the request of the hearing examiner, with no objection from Appellee. The hearing was conducted on the rescheduled date of May 6, 2008.[8] Appellee avers, and the circuit court found, that the delay in the Commissioner's decision following the administrative hearing was presumptively prejudicial to Appellee and violated his due process rights. Having herein established that Appellee is required to show actual and substantial prejudice as a result of the delay, we remand this matter to the circuit court to afford Appellee the opportunity to present evidence of such prejudice, and if proven, to also afford the Commissioner the opportunity to present evidence regarding the reasons for the delay. The circuit court is required to then balance the resulting prejudice against the reasons for the delay in order to determine whether the delay violated Appellee's constitutional right to due process.

## IV. Conclusion

Based upon the foregoing, the August 9, 2010, order of the circuit court is hereby reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.

---

the circuit court, Appellee did not waive the argument that he was prejudiced by the delay in his circuit court appeal of the revocation order. "Despite the availability of extraordinary relief as a means of seeking the issuance of delayed decisions," *Frantz*, 211 W.Va. at 192, 564 S.E.2d at 402, a party whose driver's license has been revoked should not have to resort to such relief to obtain a final decision by the Commissioner within a reasonable period of time following the administrative hearing. *See Id.* By the same token, when a party avers that his due process rights have been violated by a delay in the Commissioner's decision—that is, that he has suffered actual and substantial prejudice from the delay—but elects not to seek mandamus relief, the reviewing court may consider this fact in determining whether any such prejudice has occurred. *See Adams Outdoor Adver.*, 860 A.2d at 609 (On appeal of a decision revoking advertising device permit, which decision came eight years following hearing, the reviewing court found insufficient prejudice by the delay, having considered as one of the factors the fact the owner "left the matter to languish on the docket" for that entire period.). *See also Brandal v. State, Commercial Fisheries Entry Comm'n*, 128 P.3d 732 (Alaska 2006) (On appeal to Supreme Court of Alaska of agency's official decision denying limited entry fishing permit twenty-two years after appellee made application, court considered the fact that "[t]he traditional remedy for such a delay ... has generally been a court order compelling the agency to reach a decision. At no point during the twenty-two years after [the appellee received a recommended decision denying his application] did [he] seek an order compelling the [agency] to reach a decision.").

To be clear, a party who elects not to seek mandamus relief but who, instead, raises the delay issue for the first time on appeal to the circuit court, does so at his peril. The reviewing court is free to consider the aggrieved party's failure to pursue a ruling as a factor in determining whether he has suffered actual and substantial prejudice as a result of the delay. Indeed, in the present case, the Commissioner argues that Appellee elected not to hasten the Commissioner's ruling by seeking mandamus relief because the revocation of Appellee's driver's license was stayed during the entire seventeen-month period between the hearing and the final revocation order and, thus, the Commissioner contends, the delay inured to Appellee's benefit

8. At no time has Appellee argued that his ability to prepare or defend his case was in any way impaired as a result of the delay in the hearing.