# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Bobby Sisk,**
**Petitioner Below, Petitioner**

**FILED**

**April 28, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 13-1109** (Kanawha County 13-AA-51)

**Steven O. Dale, Acting Commissioner of the**
**West Virginia Division of Motor Vehicles,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bobby Sisk, appearing *pro se*, appeals the September 30, 2013, order of the Circuit Court of Kanawha County that dismissed his appeal of two separate revocations of his driver's license for driving under the influence. Respondent commissioner, by counsel Janet E. James, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 4, 2013, the West Department of Transportation Office of Administrative Hearings ("OAH") entered two final orders with regard to petitioner. In the first final order, in OAH Case No. 226292B, the OAH affirmed respondent commissioner's revocation of petitioner's driver's license for a period of ninety days because of petitioner's unexcused failure to appear for the hearing he requested on that revocation. The hearing was scheduled for 1:00 p.m., April 3, 2013, at the OAH's office in Charleston. The OAH noted in its order that an unexcused failure to appear for the administrative hearing "is construed as an implicit withdrawal of your request for a hearing as well as a waiver of your rights to contest the suspension and/or revocation of your driver's license."[1]

In the second final order, in OAH Case No. 226292D, the OAH affirmed a separate revocation of petitioner's driver's license by respondent commissioner for a period of ten years because of petitioner's unexcused failure to appear for the hearing he requested on that revocation. The hearing was scheduled for 2:30 p.m., April 3, 2013, at the OAH's office. The OAH noted again in its order that it construes an unexcused failure to appear as a withdrawal of the hearing

---

[1] The notice of hearing had similarly warned petitioner that "[a] failure to appear at the scheduled hearing . . . will cause the revocation/suspension to be upheld against you."

1

request and a waiver of the right to contest the revocation.[2]

Petitioner appealed the two orders to the circuit court on April 11, 2013. On May 1, 2013, the circuit court entered a scheduling order that directed petitioner to file a memorandum of law in support of his appeal by August 15, 2013, with any response due from respondent commissioner by August 29, 2013. The circuit court also set the hearing on petitioner's appeal for September 19, 2013.

On May 10, 2013, respondent commissioner moved for the dismissal of petitioner's appeal because petitioner failed to serve the appeal on respondent commissioner in violation of West Virginia Code § 29A-5-4(b) and Rule 2(e) of the West Virginia Rules of Procedure for Administrative Appeals.[3] The circuit court did not rule on respondent commissioner's motion.

However, petitioner failed to file a memorandum of law by the due date set by the circuit court's scheduling order and also failed to appear for the September 19, 2013, hearing. Because petitioner failed to abide by the scheduling order, the circuit court dismissed petitioner's appeal on September 20, 2013, for a failure to prosecute.

Petitioner appeals the circuit court's September 20, 2013, dismissal of his appeal of his driver's license revocations. In syllabus point one of *Miller v. Moredock,* 229 W.Va. 66, 726 S.E.2d 34 (2011), this Court reiterated:

> Upon judicial review of a contested case under the West Virginia Administrative Procedure Act [("APA")], Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: (1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

---

[2] Similarly, the notice of hearing had warned petitioner that a failure to appear for the hearing would cause the revocation to be upheld.

[3] W.Va. Code § 29A-5-4(b) provides, in pertinent part, that "[a] copy of the petition shall be served upon the agency and all other parties of record by registered or certified mail." Rule 2(e) of the West Virginia Rules of Procedure for Administrative Appeals similarly provides, in pertinent part, that "[t]he petitioner shall serve a copy of the Petition and the Docketing Statement upon the state agency and all other parties and counsel of record who participated in the proceeding before the state agency by registered or certified mail."

(Internal quotations and citations omitted.)[4]

On appeal, petitioner argues that he did not have notice of the April 3, 2013, hearings before the OAH or of the September 19, 2013, hearing in the circuit court.[5] With regard to the OAH hearings, petitioner apparently complains that respondent commissioner was granted an emergency continuance for good cause shown and that he did not receive the notices for the rescheduled hearings. With regard to the circuit court hearing, petitioner avers that he called the court inquiring whether the hearing could be rescheduled due to his hospital stay. According to petitioner, he was told that the hearing would be rescheduled and that he would receive notice of it. However, petitioner indicates that he called the circuit court only after the September 19, 2013, hearing had occurred.

Respondent commissioner asserts that the dismissal of petitioner's appeal of his driver's license revocations should be affirmed because petitioner failed to appear for the respective hearings. Respondent commissioner argues that this Court has held that "[w]here an administrative hearing is not held in a driver's license revocation case because the holder of the driver's license failed to pursue his administrative remedies, a circuit court does not have jurisdiction to grant extraordinary relief with respect to issues which are capable of resolution under the [APA]." Syl. Pt. 9, *State ex rel. Miller v. Reed*, 203 W.Va. 673, 510 S.E.2d 507 (1998).

This Court notes that while petitioner claims that he did not receive notice of the hearings, nothing in his appendix substantiates those claims. The Court "may disregard errors that are not adequately supported by specific references to the record on appeal." Rule 10(c)(7), W.V.R.A.P. The Court may also "consider portions of the record other than those provided by the parties." Rule 6(b), W.V.R.A.P. Accordingly, the Court directed the circuit clerk to transmit additional parts of the record for its review.

After a careful review of the record, this Court finds that both the OAH and the circuit court made appropriate rulings based on petitioner's failures to appear. First, when it rescheduled the administrative hearings, the OAH sent the notices of hearing to the same Nitro, West Virginia, address that petitioner gave in his notices to the OAH that he was challenging the revocations.[6] Second, while it is possible that the notice of the September 19, 2013, circuit court hearing was sent to a Poca, West Virginia, address, that was the address petitioner listed in his docketing statement with the circuit court. Therefore, the Court concludes that the circuit court did not err in

---

[4] The Administrative Procedures Act, West Virginia Code §§ 29A-1-1 to 29A-7-4, applies to petitioner's appeal of the final orders affirming the revocations of his driver's license. *See Miller v. Moredock,* 229 W.Va. 66, 69, 726 S.E.2d 34, 37 (2011).

[5] Petitioner also argues the merits of his case. Respondent commissioner correctly notes that the merits are not currently before this Court because both the OAH and the circuit court ruled against petitioner for a failure to appear. Accordingly, the Court does not address the merits.

[6] The Nitro address is also the address this Court has for petitioner.

dismissing petitioner's appeal of his driver's license revocations.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II