## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael Ellis,**
**Plaintiff Below, Petitioner**

**vs) No. 18-0612** (Kanawha County 17-C-361)

**Office of the Kanawha County**
**Circuit Clerk,**
**Defendant Below, Respondent**

**FILED**

**December 20, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael Ellis, pro se, appeals the June 19, 2018, order of the Circuit Court of Kanawha County awarding Respondent Office of the Kanawha County Circuit Clerk summary judgment on petitioner's claim that an assistant clerk committed intentional misconduct by adding a defendant to petitioner's complaint in another action that petitioner did not want to sue. Respondent, by counsel James A. Muldoon, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 9, 2017, petitioner filed a complaint in Case No. 17-C-190[1] ("first action") against the West Virginia Human Rights Commission ("HRC") and its executive director.[2] On March 16, 2017, petitioner filed a complaint in the instant action, Case No. 17-C-361 ("second action"), against respondent, alleging that he did not want to name the HRC's executive director as a separate defendant in the first action. In the second action, petitioner further alleged that he explained to the assistant clerk in respondent's office that he wanted to name the HRC as the only defendant in the first action and that the assistant clerk added the executive director's name to his

---

[1]We take judicial notice of the record in Kanawha County Case No. 17-C-190.

[2] Petitioner alleged that the HRC's finding of no probable cause regarding his discrimination complaint was fraudulent.

1

complaint without petitioner's knowledge or permission. Finally, petitioner alleged that the assistant clerk committed fraud and forgery and violated petitioner's right to due process of law.

In the first action, at an August 28, 2017, hearing, the circuit court first considered a motion by the HRC's executive director to be dismissed as a defendant based on petitioner's admission that he did not want to name the executive director as a separate defendant. After petitioner confirmed this admission, the circuit court granted the executive director's motion to be dismissed as a defendant. Next, the circuit court considered the HRC's motion to dismiss petitioner's complaint in the first action. Following argument by petitioner and the HRC, the circuit court dismissed petitioner's complaint, finding that it was barred by the relevant statute of limitations and that it failed to state a claim upon which relief can be granted. The circuit court entered its dismissal order in the first action on September 20, 2017.[3]

In the second action, the circuit court entered a scheduling order on August 29, 2017, and the parties thereafter engaged in discovery. Following the close of discovery, respondent filed a motion for summary judgment on May 4, 2018.[4] The circuit court held a hearing on respondent's motion on June 7, 2018. Following argument by the parties, by an order entered June 19, 2018, the circuit court awarded summary judgment to respondent, finding that petitioner "did not suffer any damages as a matter of law."

It is from the circuit court's June 19, 2018, order that petitioner now appeals. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." *Painter*, 192 W.Va. at 190, 451 S.E.2d at 756, syl. pt. 4.

In Syllabus Point 1 of *Lengyel v. Lint*, 167 W.Va. 272, 280 S.E.2d 66 (1981), we reiterated that:

---

[3]Petitioner attempted to appeal the circuit court's September 20, 2017, order in the first action by a filing a motion for leave to appeal out of time in this Court on January 28, 2019. By order entered February 4, 2019, we denied petitioner's motion, finding that an appeal from the September 20, 2017, order had to be perfected on or before February 27, 2018 and that "the statutory time frame for perfecting the appeal has expired." *See* W.Va. Code § 58-5-4; W.V.R.App.P. 5(f).

[4]In the August 29, 2017, scheduling order, the circuit court set April 1, 2018, as the deadline for discovery to be completed. The parties now dispute the date on which discovery closed and the timeliness of each other's discovery responses. However, we decline to address any issue with regard to the parties' discovery dispute as our affirmation of the circuit court's award of summary judgment to respondent is dispositive as to all claims herein.

[t]he essential elements in an action for fraud are: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." *Horton v. Tyree*, 104 W.Va. 238, 242, 139 S.E. 737 (1927).

In Syllabus Point 1 of *Barbee v. Amory*, 106 W.Va. 507, 146 S.E. 59 (1928), we held that forgery constitutes "[e]ither the fraudulent making or altering of an instrument of legal import to the prejudice of another's rights." We further have held that a person alleging a violation of due process of law must demonstrate that he suffered prejudice thereby. *See* Syl. Pt. 5, *Miller v. Moredock*, 229 W.Va. 66, 726 S.E.2d 34 (2011) (holding that a person alleging an undue delay in the revocation of his license to operate a motor vehicle must show that he suffered prejudice as a result of the delay).

On appeal, petitioner argues that he was damaged and/or prejudiced by respondent's employee allegedly adding the HRC's executive director's name to his complaint in the first action without his knowledge or permission. Respondent counters that the circuit court properly awarded it summary judgment on petitioner's various claims. We agree with respondent. Based on our review of the circuit court's September 20, 2017, order in the first action, we find that the HRC's executive director's motion to be dismissed as a defendant was treated separately from the HRC's motion to dismiss petitioner's complaint. The circuit court's dismissal of the HRC's executive director was favorable to petitioner because it was in accordance with his stated desire. While the circuit court granted the HRC's motion to dismiss, the court did not indicate that the naming of the executive director as a defendant was a reason supporting either of the two grounds on which it dismissed petitioner's complaint in the first action. Therefore, we conclude that the circuit court did not err in awarding summary judgment to respondent in the second action given that petitioner failed to show that he was damaged by respondent's employee's alleged misconduct as a matter of law.

For the foregoing reasons, we affirm the circuit court's June 19, 2018, order granting respondent's motion for summary judgment.

Affirmed.

**ISSUED**: December 20, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison