IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2013 Term

_____

No. 12-1213

_____

FILED

May 17, 2013
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA, ex rel. JOE E. MILLER, Commissioner,
West Virginia Division of Motor Vehicles,
Petitioner

v.

MARK A. KARL, Judge of the Circuit Court of Marshall County,
Respondent

and

JAMES LEONARD PARKER,
Party in Interest

_____

No. 12-1224

_____

STATE OF WEST VIRGINIA, ex rel. JOE E. MILLER, Commissioner,
West Virginia Division of Motor Vehicles,
Petitioner,

v.

WILLIAM S. THOMPSON, Judge of the Circuit Court of Boone County,
Respondent

and

PATRICK WHITE,
Party in Interest

_____

No. 12-1223
_____

STATE OF WEST VIRGINIA, ex rel. JOE E. MILLER, Commissioner,
West Virginia Division of Motor Vehicles,
Petitioner

v.

CHARLES KING, Judge of the Circuit Court of Kanawha County,
Respondent

and

NICHOLE ERWIN,
Party in Interest

_____

ORIGINAL PROCEEDINGS IN PROHIBITION

WRITS GRANTED

_____

Submitted: February 6, 2013
Filed: May 17, 2013

Patrick Morrisey, Esq.                    Herman D. Lantz, Esq.
Attorney General                          Lantz Law Offices
Elaine L. Skorich, Esq.                   Moundsville, West Virginia
Assistant Attorney General                Counsel for the Respondent James
Charleston, West Virginia                 Leonard Parker
Counsel for the Petitioner

                                          Matthew M. Hatfield, Esq.
                                          Madison, West Virginia
                                          Counsel for the Respondent Patrick White

                                          Paul S. Detch, Esq.
                                          Lewisburg, West Virginia
                                          Counsel for the Respondent Nichole Erwin

CHIEF JUSTICE BENJAMIN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

2.      "Before any stay may be granted in an appeal from a decision of the Commissioner of the Department of Motor Vehicles revoking a driver's license, the circuit court must conduct a hearing where evidence is adduced and, 'upon the evidence presented,' must make a finding that there is a substantial probability that the appellant

i

will prevail upon the merits and that he will suffer irreparable harm if a stay is not granted." Syllabus Point 2, *State v. Bechtold*, 190 W. Va. 315, 438 S.E.2d 347 (1993).

3.      A proffer is not sufficient to satisfy the evidentiary requirements of West Virginia Code § 17C-5A-2(s) (2012) for proof of irreparable harm.  A stay or supersedeas of the order issued pursuant to West Virginia Code § 17C-5A-2(s) must contain findings of fact and conclusions of law which demonstrate that the circuit court has, upon the testimony or documentary evidence presented, made a finding that the appellant will suffer irreparable harm if the order is not stayed.

4.      A stay or supersedeas of the order issued pursuant to W. Va. Code § 17C-5A-2(s) (2012) must contain an express provision limiting the duration to no more than 150 days, although the circuit court is not precluded from issuing consecutive stays for good cause shown.

ii

Benjamin, Chief Justice:

These consolidated original proceedings are before the Court upon the petitions of the Commissioner of the West Virginia Division of Motor Vehicles who seeks to prohibit the Circuit Courts of Marshall County, Boone County, and Kanawha County from entering orders staying the license revocations of Respondents James Leonard Parker, Patrick White and Nichole Erwin. The Commissioner alleges that the circuit courts exceeded their jurisdiction and violated the requirements of West Virginia § 17C-5A-2(s) (2012)[1] and applicable case law by failing to require the Respondents to present evidence that there was a substantial probability that the Respondents would prevail on the merits and the Respondents would suffer irreparable harm if the orders were not stayed; failing to provide findings of fact and conclusions of law in the orders; and in failing to limit the stays to 150 days. Upon examination of the petitions, the responses, the submitted appendices, and the arguments of counsel, this Court concludes that the stay orders violate the requirements of West Virginia § 17C-5A-2(s) and applicable case law and that, consequently, the Commissioner is entitled to relief in prohibition.

---

[1] West Virginia Code §17C-5A-2(s) provides, in pertinent part:

> The court may grant a stay or supersedeas of the order only upon motion and hearing, and a finding by the court upon the evidence presented, that there is a substantial probability that the appellant shall prevail upon the merits, and the appellant will suffer irreparable harm if the order is not stayed: Provided, That in no event shall the stay or supersedeas exceed one hundred fifty days.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

*James Leonard Parker*

The Commissioner revoked the driving privileges of Respondent James Leonard Parker because he was found to have driven under the influence of alcohol ("DUI").[2] Mr. Parker filed a Petition for Appeal in the Circuit Court of Marshall County on April 23, 2012, and that appeal is currently pending before the circuit court. Mr. Parker moved for a stay of the revocation, and at the hearing on the motion for stay on June 8, 2012, his counsel proffered the reasons why Mr. Parker would suffer a "substantial hardship"[3] if a stay was not granted, arguing that Mr. Parker would not be able to travel to do the various odd jobs he normally does to make money, that he would not be able to baby-sit his grandchildren on a regular basis, grocery shop, and attend medical appointments without obtaining transportation. Although counsel submitted these proffers to the court, no testimony was taken and no evidence was admitted to the record. The Commissioner argued that Mr. Parker had not met the requirements of West Virginia Code § 17C-5A-2(s) because he had not presented any evidence, other than mere proffer, that there was a substantial probability that he would prevail on the merits and that he would suffer any "irreparable harm" if the order was not stayed.

---

[2] The record does not reflect the date on which the license revocation order was entered.

[3] We note that "substantial hardship" is not the burden of proof required in West Virginia Code § 17C-5A-2(s). See footnote 1, *supra*.

2

In granting Mr. Parker's motion for stay at the hearing, the circuit court relied on Mr. Parker's proffers and stated, "Mr. Lantz has indicated there's going to be irreparable harm in that he's not able to do his work, he's not able to get to medical appointments. I, as a matter of course, grant stays." The Commissioner requested that the stay be self-terminating at 150 days, and the circuit court indicated that it would do so. However, on July 23, 2012, the circuit court entered the order prepared by Mr. Parker's counsel which failed to limit the stay to 150 days and contained no findings by the circuit court. It summarily stated,

> Upon hearing the representations of both counsel, the Court does hereby grant the Petitioner's Application for Stay and does Order that the License Revocation entered by the Commissioner of Division of Motor Vehicles on April 9, 2012 is hereby stayed until further order of this Court. Upon receipt of the record from the prior proceedings, the court will review the same and schedule this matter for further proceedings on the Petition for Review.

*Patrick White*

The Commissioner revoked the driving privileges of Respondent Patrick White on August 10, 2012, because he was found to have driven under the influence of alcohol. Mr. White filed a Petition for Review of Administrative Order in the Circuit Court of Boone County on or about August 16, 2012, which is currently pending. Mr. White moved for a stay of the revocation on August 21, 2012. At the hearing on the motion for stay on August 28, 2012, Mr. White's counsel proffered reasons that Mr. White would suffer irreparable harm if a stay was not granted, arguing that Mr. White is

3

currently enrolled in college and is the married father of minor children for whom he is responsible for transporting to extra-curricular activities in the evening while his wife works as a registered nurse. However, it appears from the record that no testimony was taken and no evidence was admitted to the record. The Commissioner argued that that the requirements of West Virginia Code § 17C-5A-2(s) had not been satisfied because he had not presented any evidence, other than mere proffer, that there was a substantial probability that he would prevail on the merits and that he would suffer any "irreparable harm" if the order was not stayed. However, the circuit court granted the motion for stay without requiring testimony to be taken.

Following the hearing, both parties submitted proposed orders. On September 10, 2012, the circuit court entered the order prepared by Mr. White which did not limit the stay to 150 days. On September 12, 2012, the Commissioner filed a Motion to Vacate Order Granting Temporary Stay on the grounds that the order granting the stay failed to limit the stay to 150 days. The circuit court has taken no action on the Commissioner's pending Motion to Vacate.

*Nichole Erwin*

The Commissioner revoked the driving privileges of Respondent Nichole Erwin because she was found to have driven under the influence of alcohol ("DUI").[4]

---

[4] The record does not reflect the date on which the license revocation order was entered.

4

Ms. Erwin filed a Petition for Review of Administrative Order in the Circuit Court of Kanawha County on May 16, 2012, which is currently pending. Ms. Erwin moved for a stay of the revocation, and at the hearing on the motion for stay on June 26, 2012, Ms. Erwin failed to appear, but her counsel proffered the reasons why she would suffer irreparable harm if a stay was not granted, arguing that the loss of an automobile driver's license can cause irreparable harm in that it can cause the loss of employment and inconvenience. She further asserted that the inability to drive can cause risks to non-license holders in case of an emergency. However, no testimony was taken and no evidence was admitted to the record. The Commissioner argued that Ms. Erwin had not met the requirements of West Virginia Code § 17C-5A-2(s) because she had not presented any evidence that there was a substantial probability that she would prevail on the merits and that she would suffer any "irreparable harm" if the order was not stayed.

In granting Ms. Erwin's motion for stay at the hearing, the circuit court stated "I will shorten this too, Ms. Skorich, with all due respect. I hear a number of these cases and routinely I grant a stay. Okay?" Following that, on August 28, 2012, the circuit court entered an order prepared by Ms. Erwin's counsel which summarily stated,

> The Court having further reviewed the petition filed herein and the brief supporting thereof it is ADJUDGED, ORDERED and DECREED as follows:
>
> 1. "I am going to grant the stay, Mr. Detch. I am going to find that there is irreparable harm, on the record, and also that there is a substantial likelihood you will prevail."

5

It is therefore ORDERED that a 90 day stay will be granted to the petitioner.

## II.

## STANDARD OF REVIEW

As this Court recently stated in *SER Commissioner, West Virginia Division of Motor Vehicles v. Swope*, --- S.E.2d. ---, 2013 WL 1788227 (April 25, 2013),

> This Court has original jurisdiction in prohibition proceedings pursuant to art. VIII, § 3, of The Constitution of West Virginia. That jurisdiction is recognized in Rule 16 of the Rules of Appellate Procedure and in various statutory provisions. W.Va.Code, 51–1–3 [1923]; W.Va.Code, 53–1–2 [1933]. In considering whether to grant relief in prohibition, this Court stated in the syllabus point of *State ex rel. Vineyard v. O'Brien*, 100 W.Va. 163, 130 S.E. 111 (1925): "The writ of prohibition will issue only in clear cases where the inferior tribunal is proceeding without, or in excess of, jurisdiction." Syl. pt. 1, *State ex rel. Johnson v. Reed*, 219 W.Va. 289, 633 S .E.2d 234 (2006).

*Id.*

In the current cases before us, which concern whether the circuit courts exceeded their jurisdiction, the relevant guidelines are found in *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996), syllabus point 4 of which holds:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way

6

that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 2, *State ex rel. West Virginia National Auto Insurance Company v. Bedell*, 223 W.Va. 222, 672 S.E.2d 358 (2008); syl. pt. 2, *State ex rel. Isferding v. Canady*, 199 W.Va. 209, 483 S.E.2d 555 (1997).

## III.

## DISCUSSION

First, the Commissioner argues that the circuit courts exceeded their authority in granting the stays in the cases before us because (1) a proffer is insufficient to establish the evidentiary requirements of West Virginia Code § 17C-5A-2(s)[5] and (2) the circuit courts' orders failed to contain specific findings of fact upon the evidence presented. The Commissioner asserts that the orders fail to comply with this Court's

---

[5] See footnote 1, *supra*.

7

holding in syllabus point 2 of *State v. Bechtold*, 190 W. Va. 315, 438 S.E.2d 347 (1993), wherein we stated that,

> Before any stay may be granted in an appeal from a decision of the Commissioner of the Department of Motor Vehicles revoking a driver's license, the circuit court must conduct a hearing where *evidence is adduced* and, *"upon the evidence presented," must make a finding* that there is a substantial probability that the appellant will prevail upon the merits and that he will suffer irreparable harm if a stay is not granted.

*Id*. (emphasis added). The *Smith* Court stated that "if the circuit court granted the stay without conducting evidentiary hearings and without meaningfully analyzing the evidence adduced during the hearings, he exceeded the legitimate powers granted to him under the statute." 190 W.Va. at 320, 438 S.E.2d at 352. The Commissioner submits that although the second part of West Virginia Code § 17C-5A-2(s), providing "the substantial probability that the appellant shall prevail on the merits," can be satisfied by proffer and argument of counsel, a circuit court can only make a reasoned decision as to the alleged irreparable harm that a driver may suffer through the taking of evidence. We agree with the Commissioner's arguments.

"A proffer is not evidence, *ipso/facto*." *US. v. Reed*, 114 F.3d 1067, 1070 (10th Cir. 1977); *See also, Crawley v. Ford*, 43 Va. App. 308, 597 S.E.2d 264 (2004); *Jones v. US*., 829 A.2d 464 (D.C. 2003); *Parker v. US.*, 751 A.2d 943 (D.C. 2000). Moreover, a "proffer is not evidence unless the parties stipulate that a proffer will suffice." *Ford v. State*, 73 Md.App. 391, 404, 534 A.2d 992, 998 (1988). In the cases before us, the Commissioner did not stipulate that a proffer would suffice. Rather, the

8

record reflects that the Commissioner objected to the admission of a proffer as evidence below. Fundamental fairness dictates that the Commissioner be granted an opportunity to cross-examine the driver as to irreparable harm. We believe that the Commissioner has the right to inquire further into the driver's situation and the alleged harm that will befall the driver if the license revocation is not stayed pending appeal. Once the Commissioner has had the opportunity to cross-examine the driver on these issues, the circuit court should then make the necessary factual and legal findings on the record to satisfy the requirements of the statute. Thus, we hold that a proffer is not sufficient to satisfy the evidentiary requirements of West Virginia Code § 17C-5A-2(s) for proof of irreparable harm. A stay or supersedeas of the order issued pursuant to West Virginia Code § 17C-5A-2(s) must contain findings of fact and conclusions of law which demonstrate that the circuit court has, upon the testimony or documentary evidence presented, made a finding that the appellant will suffer irreparable harm if the order is not stayed.[6]

---

[6] In so holding, we also wish to address the discrepancy between West Virginia Code § 17C-5A-2(s) and West Virginia Code § 29A-5-4(c) (1998) regarding the requirements that must be satisfied for a circuit court to properly grant a stay. West Virginia Code § 29A-5-4(c) generally provides, in pertinent part, that "[p]ending the appeal, the court may grant a stay or supersedeas *upon such terms as it deems proper*." (emphasis added). However, West Virginia Code § 17C-5A-2(s) more specifically provides that "[t]he court may grant a stay or supersedeas of the order only upon motion and hearing, and a finding by the court upon the evidence presented, that there is a substantial probability that the appellant shall prevail upon the merits, and the appellant will suffer irreparable harm if the order is not stayed." To the extent that the terms of West Virginia Code § 17C-5A-2(s) more specifically delineate the requirements that must be satisfied before a stay can be granted by the circuit court, we find the language of West Virginia Code § 17C-5A-2(s) to be the controlling and superceding authority on this issue.

9

Additionally, the Commissioner argues that the circuit courts exceeded their authority because this Court has held that open-ended stays are in violation of the Code. The last sentence of West Virginia Code § 17C-5A-2(s) provides, in pertinent part that "in no event shall the stay or supersedeas of the order exceed one hundred fifty days." In addressing the 150-day requirement, this Court stated the following in *Adkins v. Cline*, 216 W. Va. 504, 607 S.E.2d 833 (2004):

> The open-ended stays ordered in these consolidated cases were in direct violation of West Virginia Code § 17C-5A-2, which at the time the stays were instituted contained a thirty-day limitation of stays in such matters and currently contains a 150-day limitation of stays. [footnote omitted] Once these open-ended stay orders were instituted, the Appellees quite understandably made no attempt to bring these matters to a resolution. Thus, the DMV was required to carry the burden of bringing these issues to the attention of the lower court, requesting the court to vacate the stays, and then initiating this appeal when the lower court reversed the revocations and remanded to the commissioner.

> During oral argument, the DMV informed this Court that several other pending cases are subject to impermissibly lengthy stays. [footnote omitted] Such stays cannot be permitted due to their obvious violation of statute, as well as the unreasonable delay in providing final legal resolution to these administrative revocation matters. Thus, we direct that stays of administrative license revocation proceedings in violation of the 150-day statutory limitation of West Virginia Code § 17C-5A-2 must proceed to final resolution as soon as practicable, and no additional stays in violation of such statute should be ordered.

*Id*. at 508, 607 S.E.2d at 837.

In the cases presently before us, two of the three stay orders do not expressly limit the duration of the stay to 150 days. Although Ms. Erwin's order

10

expressly limits the stay to ninety days, Mr. Parker and Mr. White's orders do not expressly limit the duration of the stay. We agree with the Commissioner that a stay order which does not delineate the duration of the stay creates an open-ended stay which is contrary to West Virginia Code § 17C-5A-2(s) and *Adkins*, 216 W. Va. at 508, 607 S.E.2d at 836. A stay or supersedeas of the order issued pursuant to West Virginia Code § 17C-5A-2(s) must contain an express provision limiting the duration to no more than 150 days, although the circuit court is not precluded from issuing consecutive stays for good cause shown. Thus, we find that the stay orders issued in Mr. Parker's and Mr. White's cases violate the law.

## IV.

## CONCLUSION

For the reasons stated above, this Court concludes that the stay orders entered by the circuit courts violate the requirements of West Virginia Code § 17C-5A-2(s) and applicable case law and that, consequently, the Commissioner is entitled to relief in prohibition. There is no other remedy available because the orders granting the stays are not final and appealable. In that regard, immediate relief from this Court is appropriate. Having found that the circuit courts exceeded their jurisdiction in granting the Respondents' respective motions, the Circuit Courts of Marshall County, Boone County and Kanawha County are prohibited from granting the specific stays before us in these matters pursuant to West Virginia Code § 17C-5A-2(s).

11

Writs granted.