**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**February 19, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)    No. 15-0366** (Monongalia County 14-MAP-5)

**Steven W. Solomon,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Steven W. Solomon, pro se, appeals the March 24, 2015, order of the Circuit Court of Monongalia County finding petitioner guilty of misdemeanor brandishing and declaring the forfeiture of petitioner's bond because he failed to appear for his trial de novo. Respondent State of West Virginia, by counsel David A. Stackpole, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is affirmed, in part, and reversed, in part, and this case is remanded with directions to correct the circuit court's March 24, 2015, order to reflect that the amount of the forfeited bond is $2,500.

On September 22, 2011, several Monongalia County Sheriff's Deputies responded to a reported firearm brandishing occurring on property owned by petitioner and other members of the Solomon family. Subsequently, petitioner was arrested and charged with four misdemeanor counts of brandishing and one misdemeanor count of obstructing justice. Following a bench trial, the Magistrate Court of Monongalia County found petitioner not guilty of all charges except one count of brandishing. For that one conviction, the magistrate court fined petitioner $100 plus court costs. Petitioner appealed his brandishing conviction to the Circuit Court of Monongalia County. In his criminal appeal bond, petitioner agreed to be "personally present in the circuit court." The bond was set "in the amount of $2,500." Because Special Circuit Judge Henning was already assigned to several civil cases involving petitioner and other Solomon family members, this Court's Chief Justice assigned Special Judge Henning to preside in petitioner's criminal appeal by an administrative order entered on June 25, 2014. Petitioner's trial de novo was scheduled for August

1

1, 2014.[1]

Petitioner did not appear for the August 1, 2014, trial. Rather, petitioner's counsel tendered to the circuit court a fax of a clinical summary from a doctor's office indicating that petitioner was ill with diarrhea and an ear infection. The clinical summary did not reflect that petitioner needed to be excused from work or court proceedings. Petitioner's counsel stated that he told petitioner that "he needed to be [at trial]" and that it was "very important" that petitioner appear. The circuit court lodged the clinical summary in the court file, but found that it was insufficient to establish good cause for petitioner's non-appearance. The circuit court took judicial notice of a finding it made in one of the Solomon family civil cases, in which the court found that petitioner's testimony and representations should be "scanned with caution" because he would misrepresent facts and attempt to mislead the court. The circuit court concluded that petitioner "voluntarily absented himself" from trial and that petitioner "failed to show any good cause for his failure to appear."

Petitioner's counsel made a motion to continue the trial "to another time." However, petitioner's counsel concurred with the circuit court that, because petitioner's brandishing charge was a misdemeanor offense, it was within the court's discretion to proceed with the trial. The prosecutor made a motion for a capias to be issued for petitioner. The prosecutor stated that it would be preferable to hold petitioner's trial in his presence so that a trial in absentia would not be an appellate issue, but did not disagree that the circuit court had discretion to go forward with the trial. Following the parties' arguments, the circuit court denied petitioner's counsel's motion for a continuance, denied the prosecutor's motion for a capias, and proceeded with trial.[2]

Prior to taking evidence, the circuit court addressed petitioner's motion for Special Judge Henning's disqualification that was tendered to the court by petitioner's counsel. Petitioner's counsel stated that he could not verify the veracity of the allegations contained in the motion. The circuit court noted that petitioner had previously filed motions for the judge's disqualification in the Solomon family civil cases and that those motions were denied by this Court's Chief Justice. The circuit court found that petitioner's motion to disqualify the judge from presiding in his criminal appeal contained no new allegations; thus, the circuit court denied the motion.

---

[1]Rule 20.1(d) of the West Virginia Rules of Criminal Procedure for Magistrate Courts provides, in pertinent part, that "[a]n appeal of a criminal proceeding tried before a magistrate without a jury shall be by trial de novo in circuit court without a jury." *See also* W.Va. Code § 50-5-13(b).

[2]In addition to petitioner's voluntary absence, the circuit court also based its decision to proceed with trial on the fact that West Virginia Code § 50-5-13(c)(6) required the circuit court to decide petitioner's appeal within ninety days of its docketing. However, as petitioner correctly notes, the ninety-day requirement for deciding an appeal from the magistrate court applies only if the appeal is from "a criminal proceeding tried before a jury," and, thus, does not apply to this case. W.Va. Code § 50-5-13(c). Therefore, we do not consider West Virginia Code § 50-5-13(c)(6) in our analysis of whether the circuit court's decision to go forward with the trial in petitioner's absence constituted harmless error. *See* discussion *infra*.

2

During the State's case-in-chief, the prosecutor presented the testimony of Deputy McCrobie with the Monongalia County Sheriff's Department. Deputy McCrobie testified that petitioner brandished a firearm at him. Deputy McCrobie was cross-examined by petitioner's counsel. Following the State's case-in-chief,[3] petitioner's counsel made a motion for judgment for acquittal because the magistrate court's judgment order was not clear as to which brandishing charge provided the basis for petitioner's conviction. The prosecutor countered that the magistrate court did not immediately rule on the charges at petitioner's first trial. Rather, the magistrate court took the case under advisement. The prosecutor explained that while the judgment order did not reflect that the brandishing charge involving Deputy McCrobie was the charge of which petitioner was convicted, that fact was made clear to both the prosecutor and petitioner's counsel in an oral ruling. Petitioner's counsel stated that the magistrate court made its ruling "a week or so later" following trial. Petitioner's counsel stated that while he had no independent recollection of the magistrate court's oral ruling, it is the custom of magistrate judges in Monongalia County to inform attorneys of their rulings in other cases while the lawyers were appearing in court on unrelated matters. Based on the proffers of the prosecutor and petitioner's counsel, the circuit court found that the brandishing charge involving Deputy McCrobie was the charge of which petitioner was convicted and that petitioner had sufficient notice that he was found guilty of that charge. Thus, the circuit court denied petitioner's counsel's motion.

The circuit court found petitioner guilty of brandishing a firearm at Deputy McCrobie and imposed the same penalty as did the magistrate court, $100 plus court costs. The circuit court ordered that petitioner's bond be forfeited because petitioner "violated the terms of his bail by failing to appear." The circuit court incorrectly found that petitioner's bond was "in the amount of $21,000." Following trial but before entry of its judgment order, the circuit court transmitted petitioner's motion for Special Judge Henning's disqualification to this Court for a ruling by the Chief Justice. In so doing, the circuit court informed the Chief Justice that because the motion was tendered to the court just prior to trial, it denied the motion and proceeded with trial in accordance with Rule 17.01(e)(2) of the West Virginia Trial Court Rules. By an administrative order entered on August 11, 2014, the Chief Justice also denied petitioner's motion for the judge's disqualification and directed the judge to continue to preside in this case. On March 24, 2015, the circuit court entered its order memorializing his rulings made at the August 1, 2014, trial, which included that the amount of the forfeited bond was $21,000.

Petitioner now appeals the circuit court's March 24, 2015, order. Petitioner makes the following assignments of error, which we reformulate for ease of reference: (1) the circuit court erred in holding the trial in petitioner's absence rather than granting petitioner's counsel's motion for a continuance; (2) the circuit court erred in relying upon the proffers by the prosecutor and petitioner's counsel to find that the brandishing charge involving Deputy McCrobie was the charge of which petitioner was convicted and that petitioner had sufficient notice that he was found guilty of that charge; and (3) the circuit court erred in ordering that petitioner's bond be forfeited and in

---

[3]Petitioner's counsel did not present a defense.

3

misstating the bond's amount.[4]

Holding trial in petitioner's absence

Petitioner argues that the circuit court should have continued his case rather than holding the trial in his absence. "A defendant in a misdemeanor case has a fundamental right to be present during all critical stages of his trial." Syl. Pt.1, *State v. Eden*, 163 W.Va. 370, 256 S.E.2d 868 (1979). The State argues assuming, arguendo, that the circuit court erred in holding the trial in petitioner's absence, it was harmless error. We agree. "The defendant has a right under Article III, Section 14 of the West Virginia Constitution to be present at all critical stages in the criminal proceeding; and when he is not, the State is required to prove beyond a reasonable doubt that what transpired in his absence was harmless." Syl. Pt. 6, *State v. Boyd*, 160 W.Va. 234, 233 S.E.2d 710 (1977); *see also* Syl. Pt. 5, *State v. Crabtree*, 198 W.Va. 620, 482 S.E.2d 605 (1996) ("In a criminal proceeding, the defendant's absence at a critical stage of such proceeding is not reversible error where no possibility of prejudice to the defendant occurs.") (Internal quotations and citations omitted.)

We determine that under the specific facts and circumstances of this case, holding petitioner's trial in his absence was harmless. First, we note that the circuit court took judicial notice of its prior determination that petitioner's testimony and representations should be "scanned with caution" because he would misrepresent facts. By an order entered on January 28, 2016, we also took judicial notice of the circuit court's August 9, 2011, Order Following Evidentiary Hearing, entered in No. 09-C-107, in which the circuit court made the determination that petitioner's presentation of evidence "was knowingly false and that further testimony given by [petitioner] should be scanned with caution." In this case, petitioner presented a clinical summary from a doctor's office indicating that petitioner was ill with diarrhea and an ear infection. The clinical summary did not reflect that petitioner needed to be excused from work or court proceedings. Thus, we determine that the circuit court did not err in finding that petitioner failed to present good cause for his voluntary absence from trial.

Second, we find that petitioner suffered no prejudice from the circuit court's decision to proceed with the trial in his absence. Petitioner's counsel appeared at trial on his behalf. Petitioner's counsel (1) tendered to the circuit court petitioner's motion for Special Judge Henning's disqualification, (2) cross-examined Deputy McCrobie; and (3) moved for judgment for acquittal based on the lack of clarity in the magistrate court's judgment order as to which brandishing charge provided the basis for the conviction being appealed. Consequently, petitioner had adequate representation at trial. Based on our review of the trial transcript, we find no possibility that the result of the trial would have been different if petitioner had chosen to appear.

---

[4]We note that while petitioner complains that Deputy McCrobie's testimony was false and/or implausible, petitioner does not assign error to the sufficiency of the evidence. *See State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact.").

4

Therefore, we conclude, pursuant to Syllabus Point 6 of *Boyd*, that holding petitioner's trial in his absence was harmless beyond a reasonable doubt. *See* 160 W.Va. at 235, 233 S.E.2d at 713.

## Use of proffers

Petitioner argues that the circuit court erred in using proffers of counsel to determine which brandishing charge provided the basis for the conviction being appealed. *See* Syl. Pt. 3, *State ex rel. Miller v. Karl*, 231 W.Va. 65, 743 S.E.2d 876 (2013) (proffer is not satisfactory evidence of irreparable harm necessary for stay of driver's license revocation). "A trial court's evidentiary rulings . . . are subject to review under an abuse of discretion standard." Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E .2d 469 (1998). A proffer may constitute proper evidence, such as where there has been a stipulation. *Miller*, 231 W.Va. at 70, 743 S.E.2d at 881. We find that the instant case is analogous to a case where there has been a stipulation. Here, the prosecutor proffered that the magistrate court informed the prosecutor and petitioner's counsel in an oral ruling that the brandishing charge involving Deputy McCrobie was the charge of which petitioner was convicted. Petitioner's counsel then made his own proffer that it is the custom of magistrate judges in Monongalia County to inform attorneys of their rulings in other cases while the lawyers were appearing in court on unrelated matters. Thus, we determine that, under the facts and circumstances of this case, the circuit court did not abuse its discretion in finding that the proffers made by the prosecutor and petitioner's counsel constituted proper evidence. Therefore, we conclude the circuit court did not err in determining that, based on those proffers, the brandishing charge involving Deputy McCrobie was the charge of which petitioner was convicted and that petitioner had sufficient notice, through his attorney, that he was found guilty of that charge in the magistrate court.

## Forfeiture of petitioner's bond and amount thereof

Petitioner argues that a motion by the State is required before a circuit court can declare a bond forfeited. Rule 46(e)(1) of the Rules of Criminal Procedure provides that "[i]f there is a breach of condition of a bond, the circuit court *shall* declare a forfeiture of the bail." (Emphasis added.) The State argues that no motion for the forfeiture of a bond is necessary. We agree. The only prerequisite that Rule 46(e)(1) sets forth that a defendant breach the conditions of his bond. The circuit court determined that petitioner violated his bond's terms "by failing to appear." In his criminal appeal bond, petitioner agreed to be "personally present in the circuit court." Thus, we conclude that the circuit court did not err in ordering petitioner's bond forfeited based on its finding that petitioner failed to appear at the August 1, 2014, trial.

Petitioner also asserts that the circuit court incorrectly stated that his bond was in the amount of $21,000. We agree. Petitioner's appeal bond clearly states that it was "in the amount of $2,500." Therefore, we find that the circuit court's March 24, 2015, order is erroneous to the limited extent that it misstates the amount of the forfeited bond.

For the foregoing reasons, we (1) affirm the circuit court's March 24, 2015, order with regard to petitioner's misdemeanor conviction and the forfeiture of his bond; (2) reverse the circuit court's order to the limited extent that it misstates the amount of the forfeited bond; and (3) remand

this case with directions to correct the circuit court's order to reflect that the forfeited bond's amount is $2,500.

Affirmed, in part, Reversed, in part, and Remanded with Directions.

**ISSUED:** February 19, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II