# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Douglas Arbuckle,**
**Defendant Below, Petitioner**

**vs)   No. 17-0239** (Monroe County 15-C-35)

**Walter Smith,**
**Plaintiff Below, Respondent**

**FILED**

**March 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Douglas Arbuckle, pro se, appeals the February 10, 2017, order of the Circuit Court of Monroe County denying his motion to set aside a default judgment awarded to Respondent Walter Smith in the amount of $51,423.95, plus interest, at the rate provided by law. Respondent, by counsel William D. Stover, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner, a licensed attorney, represented respondent in a prior action where, on June 5, 2013, judgment was entered against respondent in the amount of $33,323.37. On June 1, 2015, respondent filed the instant action alleging that petitioner's representation of him had been negligent. In an amended complaint filed on July 1, 2015, respondent sought compensatory and incidental damages plus court costs, attorney's fees, and interest. Petitioner filed an answer to the amended complaint on August 11, 2015. Petitioner asserted a statute of limitations defense, claimed that respondent's action was frivolous pursuant to Rule 11 of the West Virginia Rules of Civil Procedure, and otherwise generally denied respondent's allegations. In the answer, petitioner listed his address as 205 North Court Street, Lewisburg, West Virginia.

On April 14, 2016, the circuit court entered a scheduling order. The circuit court set the pretrial conference for October 17, 2016, and the trial for November 16, 2016. The circuit court directed that a copy of the scheduling order be sent to petitioner at the North Court Street address that was provided in his answer to the amended complaint.

1

On May 11, 2016, respondent filed a motion to compel discovery because petitioner failed to respond to a set of interrogatories and a request for production of documents sent to him on March 15, 2016. By order entered May 15, 2016, the circuit court directed petitioner to comply with respondent's discovery requests within thirty days of the order. When petitioner still failed to produce the requested discovery within the timeframe directed by the court, respondent filed a motion for sanctions. In the motion, respondent sought attorney's fees and asked that a default be entered for petitioner's non-compliance. On August 15, 2016, respondent noticed a hearing on the motion for sanctions for September 19, 2016, and sent the notice to petitioner at the North Court Street address and also to P.O. Box 1684, Lewisburg, West Virginia. According to respondent, his attorney received the post office box address from petitioner via text message.

On August 15, 2016, petitioner answered respondent's interrogatories, but failed to respond to the request for production of documents or to appear at the September 19, 2016, hearing on respondent's motion for sanctions. Following the hearing, by order entered September 26, 2016, the circuit court directed petitioner to pay respondent $500 for attorney's fees and travel expenses "caused by [petitioner]'s failure to fully and timely respond" to respondent's discovery requests and to provide a complete response to the request for production of documents within fourteen days of its order. The circuit court cautioned petitioner that his continued non-compliance would cause the court to "consider the imposition of further sanctions, to include: the striking of [petitioner]'s pleadings."

Petitioner failed to appear at the October 17, 2016, pretrial conference. Following the pretrial conference, by order entered October 21, 2016, the circuit court found that petitioner failed to comply with the September 26, 2016, order sanctioning him in the amount of $500 and directing him to provide a complete response to respondent's request for production of documents. The circuit court noted that petitioner failed to make "any communication with [respondent]'s counsel since the entry of the [September 26, 2016, order]." Given petitioner's non-compliance with its prior order, the circuit court struck petitioner's answer and entered a default in respondent's favor on the issue of liability. The circuit court ruled that the November 16, 2016, trial would be on the issue of damages only and directed that a copy of its order be sent to attorneys and unrepresented parties "at their respective addresses of record."

Meanwhile, on October 18, 2016, respondent sent a notice of hearing for the November 16, 2016, trial to petitioner at P.O. Box 1684, Lewisburg, West Virginia. To the notice, respondent attached a statement setting forth the damages that he would seek at trial. Petitioner failed to appear at trial. The circuit court heard respondent's testimony regarding the extent of his damages, including for inconvenience, aggravation, and emotional distress. Following trial, the circuit court entered a default judgment in respondent's favor in the total amount of $51,423.95, plus interest, at the rate provided by law.

In contrast to the foregoing, petitioner represents that, on November 16, 2016, he called the circuit court and was told that trial was held earlier that day. Subsequently, on November 22, 2016, judgment was entered against petitioner. The following day, petitioner filed a motion to set aside the default judgment pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. On

February 6, 2017, the circuit court held a hearing on petitioner's motion and heard argument from the parties. By order entered on February 10, 2017, the circuit court denied the motion to set aside the default judgment. It is from this order that petitioner now appeals.

Rule 55(c) of the West Virginia Rules of Civil Procedure provides that, "[f]or good cause shown," a circuit court may set aside a default judgment "in accordance with Rule 60(b)." "A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of discretion." Syl. Pt. 1, *Hardwood Group v. LaRocco*, 219 W.Va. 56, 631 S.E.2d 614 (2006) (internal quotations and citations omitted). In syllabus points 3 and 5 of *Hardwood Group*, we held as follows:

> 3. "In determining whether a default judgment should be . . . vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party." Syllabus point 3, in part, *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979).

> ****

> 5. In addressing a motion to set aside a default judgment, "good cause" requires not only considering the factors set out in Syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979), but also requires a showing that a ground set out under Rule 60(b) . . . has been satisfied.

219 W.Va. at 58, 631 S.E.2d at 616.

Pursuant to Rule 60(b)(1), a defaulting party may show good cause on the basis of "[m]istake, inadvertence, surprise, *excusable neglect*, or unavoidable cause" (emphasis added). We will address in turn the *Parsons* factors and whether petitioner has demonstrated excusable neglect. *See id.* at 64-65, 631 S.E.2d at 622-23. Then, we will weigh all those factors together to determine whether petitioner demonstrated good cause for reversing the denial of his motion to set aside the default judgment. *See Id.* at 65-66, 631 S.E.2d at 623-24.

### The degree of prejudice

The circuit court found that petitioner engaged in "a pattern of dilatory conduct," but failed to make a specific finding that respondent was unduly prejudiced thereby. However, even if a finding of no undue prejudice was made, such finding does not preclude us from affirming the denial of the motion to set aside the default judgment. *See Hardwood Group*, 219 W.Va. at 65-66, 631 S.E.2d at 623-24 (affirming the denial of a Rule 60(b) motion despite a finding of no undue prejudice).

### The presence of material issues of fact and meritorious defenses

We reject petitioner's argument that he had meritorious defenses to respondent's action. Petitioner asserted a non-specified statute of limitations defense, claimed that the action was frivolous pursuant to Rule 11 of the West Virginia Rules of Civil Procedure, and otherwise generally denied respondent's allegations. As to the underlying claim against petitioner, we find that the appropriate statute of limitations is set forth in West Virginia Code § 55-2-12(b) as the claim alleges "a breach of duty imposed by law on the attorney[-]client relationship." Syl. Pt. 2, *Hall v. Nichols*, 184 W.Va. 466, 400 S.E.2d 901 (1990). West Virginia Code § 55-2-12(b) provides that a tort action must be filed within two years of the claim accruing. In this case, judgment was entered against respondent on June 5, 2013, and respondent filed the instant legal malpractice action against petitioner on June 1, 2015. Therefore, we find that the action was not time-barred.

Rules 11(b)(1) and (2) require an attorney or unrepresented party to certify that a pleading is not being filed for an improper purpose, such as to harass or needlessly increase the cost of litigation, and that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a non[-]frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." In the instant case, petitioner fails to explain how respondent's amended complaint asserts a frivolous claim. Upon our review of the record, we find nothing to support an allegation that the claim is frivolous. With regard to petitioner's general denial of respondent's allegations, we note that the circuit court struck petitioner's answer for his failure to comply with its September 26, 2016, order. Therefore, we concur with the circuit court's finding that petitioner failed to "establish that a different outcome would be probable or likely . . . if judgment were set aside and [a] new trial ordered."

### The significance of the interests at stake

We need to discuss this *Parsons* factor only briefly. In respondent's amended complaint, he sought compensatory and incidental damages plus court costs, attorney's fees, and interest. Upon hearing respondent's testimony regarding the extent of his damages, the circuit court entered a default judgment in his favor in the total amount of $51,423.95, plus interest, at the rate provided by law. Therefore, based on our review of the record, we find that that these damages constitute a significant amount. *See, e.g.*, *Parsons*, 163 W.Va. at 473, 256 S.E.2d at 763 (finding that "monetary damages in the amount of $35,000 . . . is not an insignificant claim").

### The degree of intransigence on the part of the defaulting party

The circuit court found that petitioner's failure to timely and fully respond to discovery requests, comply with court orders, and appear for properly noticed hearings and the November 16, 2016, trial "constituted an extreme degree of intransigence." We find that both in petitioner's Rule 60(b) motion and in his initial presentation at the February 6, 2017, hearing, he never asserted that he did not have notice of the hearings at which he failed to appear. Rather, petitioner recited his various medical problems and stated that "with all of that going on," he "missed" the notices of the hearings. Petitioner explained that "[t]he dates weren't on" his schedule because he had to lay

4

off his secretary who kept the schedule up-to-date. Though petitioner later asserted that he did not receive the notices, respondent notes that petitioner was non-responsive at the hearing when the circuit court asked him at which address he received documents from the clerk. We note that petitioner gave contradictory answers. Petitioner initially stated that he had to move his files to his home because he was forced to close his office. However, petitioner informed the circuit court that he did not customarily give out his home address because of most of his past practice was criminal defense work. At one point, petitioner explained that he had a post office box, but that he "could no longer afford to pay for the box." Finally, petitioner stated that, though his current practice is limited, he was conducting litigation "by e-mail." At the end of the hearing, the circuit court was still unsure of the address at which petitioner received documents from the clerk.

In its February 10, 2017, order, the circuit court found that petitioner "had an obligation to keep" the court and respondent's attorney "appraised of [his] proper mailing address for notice and service of litigation documents in order for [the] case to properly proceed." In *State ex rel. Clark v. Blue Cross Blue Shield of West Virginia, Inc.*, 203 W.Va. 690, 703 n.13, 510 S.E.2d 764, 777 n.13 (1998), we found that "parties giving notice have the right to rely on addresses provided on pleadings, and are not required to search for the correct address." *See also* Rule 5(b), W.V.R.C.P. (providing that "[s]ervice upon [an] attorney or upon a party shall be made by delivering a copy to the attorney or party; *or by mailing it to the attorney or party at the attorney's or party's last-known address . . . .*") (emphasis added). Therefore, we concur with the circuit court's finding that petitioner had a duty to keep the court and respondent's attorney informed of his current mailing address and that his pattern of dilatory conduct demonstrated a great degree of intransigence.

## Excusable neglect

Petitioner argues that his medical problems excused his failure to timely and fully respond to discovery requests and to appear at hearings and the November 16, 2016, trial. *See* Rule 60(b)(1), W.V.R.C.P. (providing that a party may be relieved from a final judgment because of "[m]istake, inadvertence, surprise, *excusable neglect*, or unavoidable cause") (emphasis added). Respondent counters that, despite any medical issues, petitioner maintained his legal practice (albeit on a limited basis) throughout the period of the parties' litigation. Accordingly, respondent argues that any medical problems that petitioner had do not excuse his failure to participate in a case where he was the defendant. We agree with respondent.

In its February 10, 2017, order, the circuit court found that petitioner did not present evidence to support his proffer that his medical conditions were debilitating. In *State ex rel. Miller v. Karl*, 231 W.Va. 65, 70, 743 S.E.2d 876, 881 (2013), we found that "a proffer is not evidence unless the parties stipulate that a proffer will suffice." (internal quotations and citations omitted). It is clear from the February 6, 2017, hearing transcript that respondent did not stipulate that petitioner's medical conditions rendered him incapacitated. Because—as petitioner concedes—he maintained his legal practice on a limited basis, we concur with the circuit court's finding that participation in "personal litigation" in which petitioner was the defendant "should not have presented anything extraordinary." Therefore, we conclude that petitioner failed to demonstrate

excusable neglect for his failure to timely and fully respond to discovery requests and to appear at hearings and the November 16, 2016, trial.

<u>The weighing of the *Parsons* factors and the lack of excusable neglect</u>

We find that the combination of the great degree of intransigence, exhibited by petitioner's dilatory conduct, and his failure to demonstrate excusable neglect establish that petitioner failed to show good cause to set aside the default judgment. In *Parsons*, we found that "any degree of intransigence" should "weigh heavily against" the defaulting party. 163 W.Va. at 473, 256 S.E.2d at 763. In *Hardwood Group*, we found that "the stronger the excusable neglect or good cause shown, the more appropriate it is to give relief against the default judgment." 219 W.Va. at 65, 631 S.E.2d at 623 (internal quotations and citations omitted). Moreover, "[a]lthough this [C]ourt is quite willing to review default judgments and to overturn them in cases where good cause is shown, a demonstration of such good cause is a necessary predicate to our overruling a lower court's exercise of discretion." *Id.* at 65-66, 631 S.E.2d at 623-24 (internal quotations and citations omitted). Therefore, we find that the circuit court did not abuse its discretion in denying petitioner's Rule 60(b) motion to set aside the default judgment awarded to respondent.

For the foregoing reasons, we affirm the circuit court's February 10, 2017, order denying petitioner's motion to set aside a default judgment awarded to respondent in the amount of $51,423.95, plus interest, at the rate provided by law.

Affirmed.

**ISSUED**: March 23, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

6